# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-01297-COA

**GILBERTO ALARCON MORTERA**                                        **APPELLANT**

**v.**

**KONA VILLA OWNERS ASSOCIATION, INC.**                     **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/28/2023 |
| TRIAL JUDGE: | HON. RANDI PERESICH MUELLER |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER JACKSON WELDY |
| ATTORNEYS FOR APPELLEE: | BRETT K. WILLIAMS |
| | ANTHONY ROBERT LIBERATO |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 05/20/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND WEDDLE, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     This is an appeal from an order granting summary judgment in favor of a defendant homeowner's association after it declined to pursue a property damage insurance claim on behalf of a condo unit owner. On de novo review of the insurance policy and condominium by-laws, we find that the grant of summary judgment was improper, and we reverse and remand for further proceedings.

## FACTS AND PROCEEDINGS BELOW

¶2.     Gilberto Mortera owns a condominium unit at Kona Villa in Diamondhead, Mississippi. In 2018, he incurred approximately $59,000 in property damage following a

water leak from a water heater failure in the condo unit above his.[1] Mortera reported the damage to the Kona Villa Home Owner's Association (the "Association"), which contacted State Farm to investigate the potential claim. State Farm Insurance expressed its opinion to the Association that, under the "Declaration of Condominium of Kona Villa" (the "By-Laws"), individual unit owners were responsible for repairing damage to the interior of their units.

¶3.     The record does not indicate that State Farm expressed an opinion to the Association on whether Mortera's damages fell within the scope of coverage provided by the insurance policy. State Farm did not deny any claim made by the Association on Mortera's behalf; instead, the Association declined to pursue the insurance claim further. Mortera represents that during this process, the Association refused to give State Farm permission to share a copy of the applicable insurance policy with him.

¶4.     Mortera sued the owner of the unit above his, State Farm, and the Association. The suit against the above unit owner settled for an undisclosed amount of money.[2] The suit against State Farm was removed to federal court. The United States Court of Appeals for the Fifth Circuit affirmed the district court's determination that Mortera, as an incidental beneficiary of the insurance policy, did not have standing to sue State Farm. *Mortera v. State Farm Fire & Cas. Co.*, 561 F. Supp. 3d 684, 687 (S.D. Miss. 2021), *aff'd*, No. 21-60785,

---

[1] This loss included damage to the flooring, ceiling, walls, kitchen appliances, bedrooms, wood shutters, window blinds, furniture, drapery, cabinets, and mirror.

[2] Mortera notes that the record the parties designated for our review on appeal does not contain any evidence that the upstairs neighbor actually caused the leaking water heater.

2022 WL 1652834 (5th Cir. May 24, 2022). The Association—and not individual unit holders—is the named insured of the policy. *Mortera*, 2022 WL 1652834 at *2. While a third-party beneficiary might have standing to sue, Mortera does not qualify as a third-party beneficiary. *Id.* at *4.

¶5.     But, while holding that Mortera does not have standing to sue State Farm, the Fifth Circuit's opinion acknowledged that the policy "does, however, extend coverage to certain property that Mortera alleges was damaged because of the leak." *Id.* at *4. The policy specifically identifies covered property as "[a]ny of the following types of property contained within an individual unit, regardless of ownership: (a) Fixtures, improvements and alterations that are part of the building or structure; and (b) Appliances, such as those used for refrigerating, ventilating, cooking, dishwashing, laundering, security or housekeeping." *Id.* at *2. The court's opinion further states that the policy does not cover "personal property owned or used by or in the care, custody or control of a unit-owner except for personal property listed in Paragraphs (a) or (b)." *Id.* at *4.

¶6.     Mortera's instant complaint against the Association, which was filed in June 2021, was held in abeyance until the resolution of the federal proceedings. In the complaint, Mortera asserted in part that Kona Villa violated its fiduciary obligation to pursue a claim on Mortera's behalf. In June 2023, the circuit court granted Kona Villa's motion for summary judgment. The order granting summary judgment noted that the By-Laws "unambiguously provide that the unit owner is responsible for 'all portions of his unit except the portions to be maintained, repaired and replaced by the Association." The court concluded that the

Association's maintenance responsibilities "do not include any of the interior items that [Mortera] has identified as damaged."

¶7.     Referencing the suit against State Farm, the order states:

> [Mortera] also filed a separate suit against Defendant's insurance carrier, State Farm, which was removed to Federal Court. *State Farm was granted summary judgment on the coverage issue.* (*Mortera v. State Farm Fire & Cas. Co.*, 561 F. Supp. 3d 684, 687 (S.D. Miss. 2021), *aff'd*, No. 21-60785, 2022 WL 1652834 (5th Cir. May 24, 2022). The District Court found that Plaintiff was not an insured and did not qualify as a third-party beneficiary under the Kona Villa policy and dismissed the case.

(Emphasis added).

¶8.     Mortera appeals, arguing that the circuit court failed to address whether the insurance policy covered Mortera's damages,[3] that the insurance policy and insurance provisions of the By-Laws control over the maintenance provisions of the By-Laws, and that a question of material fact exists as to whether the Association had a fiduciary duty to pursue a claim on Mortera's behalf.

## STANDARD OF REVIEW

¶9.     We review grants of summary judgment de novo. *Jourdan River Ests. LLC v. Favre*, 278 So. 3d 1135, 1144 (¶30) (Miss. 2019). Summary judgment "should be granted only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Gibson v. Williams, Williams & Montgomery P.A.*, 186 So. 3d 836, 844 (¶14) (Miss. 2016). Questions "concerning the construction and interpretation of contracts are questions of law" that are reviewed de novo. *Royer Homes of Miss. Inc. v. Chandeleur*

---

[3] He also argues that the circuit court's order mischaracterized the federal court's holding on the insurance coverage issue.

4

*Homes Inc.*, 857 So. 2d 748, 751 (¶4) (Miss. 2003).

## DISCUSSION

¶10.    Mortera argues that the circuit court erred by relying on the maintenance provision of the By-Laws to grant summary judgment. The parties agree that the By-Laws place the responsibility to maintain and repair water heaters on the individual unit owners. Section 8 of the By-Laws states in relevant part:

> 8. **Maintenance:** The responsibility for the maintenance of the condominium property shall be as follows:

>> 1. Units

>>> (a) By the Association. The Association shall maintain, repair and replace at its expense:

>>> . . . .

>>> (ii) All conduits, ducts, plumbing, wiring, and other facilities for the furnishing of utility services which are contained in the portions of a unit maintained by the Association, *except the air conditioning and heating system and the hot water heater appurtenant to such unit;* and all such facilities contained within a unit which service part or parts of the condominium other than the unit within which contained.

(Emphasis added).

¶11.    The subsection immediately following states:

>>> (b) By the Unit Owner. The responsibility of the unit owner shall be as follows:

>>> (i) To maintain, repair, and replace at his expense all portions of his unit except the portions to be maintained, repaired and replaced by the

5

Association. Such shall be done without disturbing the rights of other unit owners. Each central air conditioning and heating system, including any portions thereof which are located outside of the units, and *the hot water heater appurtenant to units shall be maintained by the owner of the unit* to which such improvement is appurtenant.

(Emphasis added).

¶12. However, Mortera argues that his legal claims against Kona Villa do not relate to a failure to maintain or repair, and he contends that the circuit court, in relying on the above maintenance provisions to grant summary judgment to Kona Villa, "failed to undertake any independent judicial analysis of the predicate legal issue of whether the State Farm Insurance policy afforded coverage for the damage to Mortera's property." While the federal court dismissed the case due to Mortera's lack of standing, it also concluded that the policy did cover at least some of Mortera's damages.

¶13. Mortera argues that the analysis should focus on the insurance policy and the insurance provisions of the By-Laws and that an examination of these provisions leaves questions of material fact concerning the existence of a fiduciary duty by Kona Villa to pursue an insurance claim on Mortera's behalf. The question of the existence of a fiduciary duty is a factual dispute, requiring remand. *See Gibson*, 186 So. 3d at 852 (¶53).

¶14. Section 11 of the By-Laws provides in relevant part:

11. **Insurance:** Insurance (other than title insurance) which shall be carried upon the condominium property and the property of the unit owners, shall be governed by the following provisions:

1. Authority to Purchase. All Insurance policies upon the condominium

6

property shall be purchased by the Association in the name of the Association as Trustee for each of the unit owners in the percentages of ownership set forth in this Declaration, and their mortgagees as their interests may appear[.]

2. Coverage.

(a) Casualty. All buildings and improvements upon the land and all personal property included in the condominium property shall be insured with a single insurance agent in an amount sufficient to avoid application of a co-insurance clause, but not more than the maximum insurable replacement value, excluding foundation and excavation costs, as determined by the Board of Directors of the Association. Such coverage shall afford protection against:

(i) loss of damage by fire and other hazards covered by a standard extended coverage endorsement, and

(ii) such other risks as from time to time shall be customarily covered with respect to buildings similar in construction, location, and use as the buildings on the land, including but not limited to vandalism and malicious mischief.

¶15.   Pertaining to the Association's responsibility to facilitate insurance, the By-Laws provide:

11.4. Insurance Trustee: Shares of Proceeds. All insurance policies purchased by Association shall be for the benefit of the Association and the unit owners and their mortgagees as their interests may appear, and shall provide that all proceeds covering casualty losses shall be paid to the Association, as Trustee for each of the unit owners and their mortgagees in the percentages established by the Declaration, which said Association, for the purpose of these provisions, is herein referred to as the Insurance Trustee.

[i.] The duty of the Insurance Trustee shall be to receive such proceeds as are paid and hold the same in trust for the purposes elsewhere herein stated and for the benefit of the unit owners

7

and their mortgagees, as follows:

> (a) Common Areas and Facilities. Proceeds on account of damage to common areas and facilities – an undivided share for each unit owner, such share being the same as his undivided share in the common areas and facilities.

> (b) Units. Proceeds on account of damage to units shall be held for the owners of damaged units in proportion to the cost of repairing the damage suffered by each unit owner, which cost shall be determined by the Association.

¶16.   The insurance policy states in relevant part:

Section 1 – PROPERTY is amended as follows:
a. Under Coverage A – Buildings:

. . . .

> (3) The following is added.

> Any of the following types of property contained within an individual unit, regardless of ownership.

> > *(a) Fixtures, improvements, and alterations that are part of the building or structure; and*

> > *(b) Appliances, such as those used for refrigerating, ventilating, cooking, dishwashing, laundering, security or housekeeping.*

(Emphasis added).

¶17.   Reading these provisions together as a whole, Mortera argues that summary judgment in favor of the Association was improper when the plain language of the policy appears to cover at least some of his damage. Moreover, he lacks standing to pursue an insurance claim or litigation against State Farm on his own behalf, and the By-Laws establish the Association as "Insurance Trustee" with mandatory "shall" duties. The Association, while arguing

8

strenuously on appeal that the maintenance provisions of the By-Laws should control, does not present a direct argument that the insurance policy does not provide coverage to some of Mortera's damage.

¶18.    Mortera acknowledges under subsection 12.2 "Responsibility," the By-Laws state:

> If the damage is only to those parts of a unit for which the responsibility of maintenance and repair is that of the unit owner, then the unit owner shall be responsible for reconstruction and repair after casualty.  In all other instances the responsibility of reconstruction and repair after casualty shall be that of the Association.

Additionally, section 10.5 provides a limitation of liability: the "Association shall not be liable for injury or damage caused by a latent condition of the property to be maintained and repaired by the Association nor for injury or damage caused by the elements or other owners." However, Mortera suggests in his brief that "[i]t is entirely possible that the 'limitation of liability' language notwithstanding, that [the Association] opted to provide insurance not required by the [By-Laws]." Regardless, any ambiguity creates a material fact rendering the grant of summary judgment improper.

¶19.    We agree that the grant of summary judgment was improper. The insurance policy, its scope of coverage, and insurance provisions of the By-Laws are of primary relevance to the legal claims raised in Mortera's complaint. While the maintenance and liability provisions may be relevant to reading the By-Laws as a whole, the Association is not entitled to judgment as a matter of law through exclusive focus on the By-Laws provision placing the responsibility to repair and maintain water heaters on the unit owners.[4]

---

[4] Similarly, the By-Laws provision permitting unit owners to purchase "additional" insurance does not operate to preclude coverage provided by the Association. Any fault

9

**CONCLUSION**

¶20.   The grant of summary judgment is only proper when no material facts are genuinely disputed. *See* M.R.C.P. 56(c). Because a factual dispute remains over the Association's status as a fiduciary, the circuit court's grant of summary judgment to the Association is reversed. The case is remanded for proceedings consistent with this opinion.[5]

¶21.   **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., McDONALD, LAWRENCE, McCARTY, EMFINGER AND WEDDLE, JJ., CONCUR. ST. PÉ, J., NOT PARTICIPATING.**

---

attaching to the upstairs unit owner's failure to repair and maintain is likely unrelated to the distinct legal claim that the Association failed to execute a fiduciary responsibility in pursuing a claim on Mortera's behalf.

[5] Since we reverse the grant of summary judgment, Mortera's argument that the circuit court erred in denying a motion to continue the ruling on the summary judgment motion is moot.